JOSEFA CANTRE, on behalf of her minor children FELIPE and PEDRO LICIAGA CANTRE, Plaintiff, Appellee and Appellant, v. VICTORIANO GONZÁLEZ, Defendant, Appellant and Appellee.

No. 7635.  Argued January 25, 1939.—Decided June 24, 1939.

*E. Pérez Casalduc,* for appellant, appellee. *E. Martínez Avilés,* for appellee, appellant.

Mr. Justice Hutchison delivered the opinion of the Court.

The mortgagees, as purchasers at a foreclosure sale, became the owners of the mortgaged property. In the meanwhile, the property had been sold for taxes. The mortgagees brought the present action to establish the nullity of the tax title and to obtain a cancellation of the record entry in the registry of property.

Plaintiffs appeal from a judgment in their favor and assign as error the omission in the judgment of any pronouncement for the recovery of rents and profits. There was no prayer for any such relief, and there was nothing in the complaint upon which to base such a pronouncement. The judgment provided for cancellation of the record entry in

the registry of property upon reimbursement of defendant by plaintiffs in the amount paid by defendant for the property at the tax sale, with interest. That defendant should be required to return rents and profits received by him—notwithstanding the absence of any averment in the complaint that he had received any rents and profits and notwithstanding the absence of any prayer for such relief—was an afterthought. We find no error in the failure to include in the judgment any pronouncement for the recovery of rents and profits.

█ Defendant appeals from the judgment and from an order overruling a motion for rehearing.

Under the first assignment, defendant seeks a reversal because the district judge said, in the course of his statement of the case and opinion, that, after a denial by plaintiffs that the notice required by Section 315 of the Political Code had been given, it was incumbent on defendant to show that such notice had been given. The error, if any, was harmless unless the district court also erred as claimed in the second assignment.

The second assignment is that the district court erred in weighing the evidence and in finding that plaintiffs had not been notified of the tax sale. We find no error in the weighing of the evidence.

██ The third assignment is that the district court erred in holding that the failure to notify plaintiffs invalidated defendant's title. Defendant cites *People* v. *Cady,* 56 N. Y. Supr. Ct. 180, 6 N. Y. S. 546, to the effect that: "The fact that a notice to redeem from tax sale is invalid does not render the sale void."

The gist of the argument is that:

The statutory notice to "all persons having a mortgage or other lien on said property of record of such sale" is not a condition precedent to the sale but is given after the sale. The tax lien was superior to that of the mortgagees. After the sale, the mortgagees

had only a right of redemption within a year from the date of the certificate, not from the date of the notice. The right of redemption was extinguished by lapse of the statutory period. ''Where the statute is one of limitation to the owner's right to redeem, absolute title can be conferred on the purchaser despite failure to serve notice, after time for redemption has expired''. 61 C. J. 1259, Section 1723. Section 347 of the Political Code ordains that: ''If the right of redemption hereinafter provided for is not exercised within the time prescribed, said certificate, when recorded in the office of the registrar of property of the district in which the property is situated, shall vest the title to said property absolutely in said purchaser, free from all mortgages, liens or other encumbrances.''

The case of *People* v. *Cady, supra,* is not in point. Plaintiffs did not question the validity of the tax sale. The purpose of the action was to establish the nullity of the certificate of purchase, to obtain a decree as to such nullity and the cancellation of the record entry in the registry of property.

No notice of the tax sale was given the mortgagees. The statutory provision for the issuance of a certificate of purchase presupposes due notice to mortgagees. It does not authorize the issuance of such certificate without previous notice to the mortgagees. The certificate of purchase should not be issued unless and until the mortgagees have been notified as required by Section 315. Unless such notice has been given the statutory period of redemption does not begin to run, and the recording of the certificate vests no title in the purchaser at the tax sale. See *Salgado* v. *Registrar*, 26 P.R.R. 157; *Moraza* v. *Registrar*, 45 P.R.R. 804, and *Correa* v. *Registrar*, 53 P.R.R. ____.

The judgment appealed from and the order overruling defendant's motion for a rehearing must be affirmed.

Mr. Justice Travieso took no part in the decision of this case.